THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR20-0107-JCC |
| Plaintiff, | ORDER |
| v. | |
| CARLOS CARRILLO LOPEZ and HUMBERTO LOPEZ RODRIGUEZ, | |
| Defendants. | |

This matter comes before the Court on the Government and Defendants' Agreed Motion for a Protective Order (Dkt. No. 81). Having thoroughly considered the motion and the relevant record, the Court GRANTS the motion and ORDERS as follows:

IT IS HEREBY ORDERED that the discovery materials discussed in the Motion for a Protective Order and referred to therein as "Protected Material," marked specially as "Protected Material," may be produced to counsel for Defendants in this case.

IT IS FURTHER ORDERED that possession of Protected Material is limited to the attorneys of record in this case and their staff, and to any investigators, expert witnesses, and other agents for the attorneys of record retained in connection with this case. The attorneys of record, and their investigators, expert witnesses, and other agents can review Protected Material with Defendants. Defendants can inspect and review Protected Material, but shall not be allowed

to possess, photograph, copy, or record Protected Material or otherwise retain Protected Material or copies thereof.

IT IS FURTHER ORDERED that defense counsel shall not provide Protected Material or copies thereof to any other person outside his or her defense team, including Defendants or their family or associates. Defendants who are residing at the FDC will be permitted to review the Protected Material, consistent with the regulations established by the Bureau of Prisons for discovery materials subject to a protective order and designated as protected or sensitive material. Consistent with those rules and regulations, Defendants will be permitted to review the Protected Material with their counsel or in a controlled environment at the FDC, but will be prohibited from keeping a copy of the material in their own possession, printing it out, copying it, or distributing it. As part of this process, counsel will be allowed to provide discovery materials to the FDC consistent with the institution's procedures.

IT IS HEREBY FURTHER ORDERED that Defendants, defense counsel, and others to whom disclosure of the content of the Protected Material may be necessary to assist with the preparation of the defense, shall not disclose the Protected Material or its contents, other than as necessary for the preparation of defenses at trial and in subsequent appellate proceedings, if necessary. Specifically, the attorneys of record and members of the defense team acknowledge that providing copies of the Protected Material to Defendants and other persons is prohibited and agree not to duplicate or provide copies of the Protected Material to Defendants and other persons. This order does not limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the Protected Material to members of the United States Attorney's Office, federal law enforcement agencies, the Court, or witnesses in order to pursue other investigations or the prosecution in this case. Nor does it limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the Protected Material to the defense as necessary to comply with the Government's discovery obligations.

Nothing in this Protective Order prohibits defense counsel from showing the Protected Material, or reviewing its contents, with his respective defendant or with others to whom disclosure may be necessary to assist with the preparation of the defense at trial and in subsequent appellate proceedings, if necessary.

IT IS FURTHER ORDERED that if counsel for any party finds it necessary to file any documents marked as Protected Material, the material shall be filed under seal with the Court.

Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper. The parties agree that in the event that compliance with this Order makes it difficult for defense counsel to adhere to their Sixth Amendment obligations, or otherwise imposes an unworkable burden on counsel, defense counsel shall bring any concerns about the terms of the Order to the attention of the Government. The parties shall then meet and confer with the intention of finding a mutually acceptable solution. In the event that the parties cannot reach such a solution, defense counsel shall have the right to bring any concerns about the scope or terms of the Order to the attention of the Court by way of a motion.

Nothing in this Order should be construed as imposing any discovery obligations on the Government that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure. The failure to designate any materials as provided in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

IT IS FURTHER ORDERED that at the conclusion of the case, the Protected Material shall be returned to the United States, or destroyed, or otherwise stored in a manner to ensure that it is not subsequently duplicated or disseminated in violation of this Protective Order.

The Clerk of the Court is DIRECTED to provide a filed copy of this Protective Order to all counsel of record.

DATED this 30th day of October 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE