THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR20-0107-JCC |
| Plaintiff, | ORDER |
| v. | |
| HUMBERTO LOPEZ RODRIGUEZ and CARLOS CARRILLO LOPEZ, | |
| Defendants. | |

This matter comes before the Court on Defendant Carlos Carillo Lopez's motion to suppress (Dkt. No. 88) and Defendant Humberto Lopez Rodriguez's notice of joinder (Dkt. No. 140). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I.  **BACKGROUND**

In January 2020, Task Force Officer ("TFO") Edward Chan submitted an application for search warrants related to a drug trafficking investigation. (Dkt. Nos. 88 at 2, 92-1 at 1.) The requested warrants involved the search of two target locations, two vehicles, and the person of Carlos Carillo Lopez (Dkt. Nos. 88 at 1–3, 92-1 at 1.) In the affidavit, TFO Chan included information about a paid informant used in the case. (Dkt. No. 92-1 at 6.) The affidavit also provided information concerning three "controlled buys" of heroin from "Los," later identified

through vehicle and driver's licensing records as Defendant Carlos Carillo Lopez, and the informant. (*Id.* at 7.) Officers surveilled Carillo Lopez and observed him using two vehicles and staying at two residences. (*Id.* at 7–12.) Attachment B described the items that should be searched for and seized. (*Id.* at 23–25.) The parties agree that Attachment B to each warrant was materially the same, listing 18 categories of evidence to seize related to five crimes. (Dkt. Nos. 88 at 1, 92 at 2.) United States Chief Magistrate Judge Brian Tsuchida authorized five search warrants based on TFO Chan's application, resulting in the seizure of evidence from these separate locations. (Dkt. Nos. 88 at 1, 92-1 at 20-57.) Defendant Carillo Lopez now moves to suppress that evidence, challenging all five warrants[1] on the grounds that they (1) were overbroad and (2) lacked probable cause to support the seizure of firearms. (*Id.* at 3, 8.)

## II.   DISCUSSION

### A.   Legal Standard

The Fourth Amendment imposes several requirements for a valid search warrant. *United States v. Flores*, 802 F.3d 1028, 1045 (9th Cir. 2015). This includes a magistrate's neutral and independent finding of probable cause. *See Illinois v. Gates*, 462 U.S. 213, 239 (1983). This Court reviews such determinations with "great deference." *United States v. Hill*, 459 F.3d 966, 970 (9th Cir. 2004). So long as a "substantial basis" exists, the Court will not disrupt that determination. *United States v. McQuisten*, 795 F.2d 858, 861 (9th Cir. 1986).

To justify issuing a search warrant for a particular place, the issuing magistrate is expected to make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be

---

[1] It is clear from the description in Defendant's motion of the five warrants that he is referencing the application for a search warrant currently filed under seal as Docket Number 90-1, not the tracking warrant application for a telephone and two vehicles attached as Docket Number 88-1. (*Compare* Dkt. Nos. 88 at 1, 90-1 at 1, *with* Dkt. No. 88-1 at 1.) The Court assumes this was in error. The Government reached the same conclusion and filed their response to this motion under seal. (Dkt. No. 92 at 2 n. 1.) This order references the sealed material. As such, the Court has taken care to avoid referencing sensitive information.

found." *Gates*, 462 U.S. at 238. As articulated by the Ninth Circuit: "The magistrate need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit." *United States v. Fannin*, 817 F.2d 1379, 1382 (9th Cir. 1987).

**B. Overbreadth**

"The Fourth Amendment was designed to prevent law enforcement officers from engaging in 'general exploratory searches.'" *United States v. Shi*, 525 F.3d 709, 731 (9th Cir. 2008). To that end, the Fourth Amendment requires that a warrant not be overbroad. *Id.* at 731–32. But a warrant need only be reasonably specific, rather than elaborately detailed. *United States v. Mann*, 389 F. 3d 869, 877 (9th Cir. 2004).

Defendant Carillo Lopez argues "[t]he expansive 'but not limited to' language used here renders all five warrants unconstitutionally lacking in particularity." (Dkt. No. 88 at 5.) He asserts the inclusion of this language permitted officers "to seize the items listed, but also anything else." (*Id.*) But the sole case Defendant Carillo Lopez relies on to support this argument is clearly distinguishable. In *United States v. Bridges*, the Ninth Circuit held that a warrant authorizing the seizure of "evidence of crimes that includes but is not limited to" various items was overbroad. 344 F.3d 1010, 1017 (9th Cir. 2003). That warrant, unlike this one, did not limit items to those related to specific crimes. *Id.* So, as the Government notes, the court held "[t]he Fourth Amendment requires search warrants to state with reasonable particularity what items are being targeted for search or, alternatively, what criminal activity is suspected of having been perpetrated." (Dkt. No. 92 at 3 (citing *Id.* at 1016–17.)

Here, the affiant set forth an itemized list of evidence relating to the crimes under investigation *and* a list of crimes. (Dkt. No. 88 at 5.) Together, this provided objective standards to distinguish between items subject to seizure and not subject to seizure. *See Shi*, 525 F.3d at 731–32 (describing such objective standards as a factor when analyzing whether a warrant is overbroad); *United States v. Reeves*, 210 F. 3d 1041 (9th Cir. 2000) (a warrant with the language "but is not limited to" is properly particularized by its context as a search for evidence of drug

trafficking crimes). It told the officers they were limited to seizing items related to the enumerated criminal activity. Defendant Carillo Lopez's arguments regarding other language such as "or similar items" fails for the same reasons, and he does not provide authority to the contrary. (*See* Dkt. No. 88 at 5–8.)

Accordingly, the Court finds that the warrants were reasonably specific and thus did not violate the Fourth Amendment.

### C. Probable Cause to Seize Firearms

Next, Defendant Carillo Lopez argues the search warrants lacked probable cause to support the seizure of firearms. (Dkt. No. 88 at 8.) He asserts that, despite the inclusion of information that he may not be allowed to possess weapons, video evidence of him at a gun range, and the context of suspected drug trafficking, the warrant did not adequately support the timeline or location of his potential illegal firearm possession. (*Id.*)

Probable cause is to be determined under the "totality of the circumstances." *Gates*, 462 U.S. at 238. Here, the totality of the circumstances plainly supports "a fair probability" that firearms would be found at the authorized locations. *Id.* The affiant provided that, based on his training and experience, drug traffickers often maintain firearms on their person and in their vehicles and residences. (Dkt. No. 92 at 7.) This, combined with information about Defendant Carillo Lopez's use of firearms and prohibitions against such use, was enough to support probable cause.

The United States Chief Magistrate Judge Tsuchida's probable cause determination, based on the totality of the circumstances, had a substantial basis.

### III. CONCLUSION

Accordingly, Defendant Carillo Lopez's motion to suppress (Dkt. No. 88) is DENIED.

//
//
//
//

DATED this 2nd day of March 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE